IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAWN RUCKER, | ) | 8:13CV173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA SEPARATE JUVENILE CT., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a Motion for Leave to Proceed In Forma Pauperis ("IFP") submitted on behalf of Demetrius Rucker. (Filing No. 2.) Dawn Rucker, Demetrius's mother, filed this Motion along with a Complaint alleging that the Social Security Administration withheld payments she was entitled to and the Nebraska Juvenile Court misplaced her child. (Filing No. 1.)

Dawn Rucker has not shown that she is an attorney or that she is represented by an attorney. Therefore, Dawn Rucker cannot bring a claim on behalf of her son Demetrius Rucker. See *Vargason v. Dep't of Human Servs.*, CIV. 13-518 DWF/LIB, 2013 WL 1315090, *1 n.1 (D. Minn. Mar. 7, 2013) (holding that a parent cannot bring an action in federal court for the benefit of a minor child, unless the parent is represented by an attorney); *Buckley v. Dowdle*, 08-1005, 2009 WL 750122, *1 (8th Cir. Mar. 24, 2009) (holding that a father may not bring a civil claim *pro se* on behalf of his minor daughter); *Waite v. Carpenter*, 496 N.W.2d 1, 4 (Neb. 1992) (holding that one who is not an attorney may not represent others in legal proceedings, nor may such a person practice law for others).

Further, Demetrius Rucker failed to sign the Complaint. (Filing No. 1.) Federal Rule of Civil Procedure 11 states that "every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "[T]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*.

For the reasons discussed above, the court will liberally construe Dawn Rucker's Motion and allegations to assert her own legal rights. Upon review of Dawn Rucker's IFP Motion, the court finds that she is financially eligible to proceed, *on her own behalf*, in forma pauperis. To the extent that Dawn Rucker seeks to assert claims on her son's behalf, she must do so through counsel. The court will give Dawn Rucker until July 19, 2013, to obtain counsel. If counsel does not appear by July 19, 2013, the court will dismiss Demetrius Rucker as a Plaintiff and this matter will proceed on Dawn Rucker's claims only.

IT IS THEREFORE ORDERED that:

1. Dawn Rucker's Motion for Leave to Proceed IFP (filing no. 2) is granted.

2. Dawn Rucker has until July 19, 2013, to obtain counsel. If counsel does not appear by July 19, 2013, the court will dismiss Demetrius Rucker as a Plaintiff and this matter will proceed on Dawn Rucker's claims only.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 19, 2013: deadline for counsel to appear.

DATED this 20th day of June, 2013.

                                                                BY THE COURT:

                                                                s/ Joseph F. Bataillon
                                                                United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.