IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAWN RUCKER, | ) | 8:13CV173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA SEPARATE | ) | |
| JUVENILE CT., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her *pro se* Complaint in this matter on June 7, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

On June 20, 2013, the court reviewed Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"), which she submitted on behalf of her biological son, Demetrius Rucker. (Filing Nos. 2 and 7.) Plaintiff filed this Motion along with a Complaint alleging that her social security disability survivors benefits were improperly given to Tina C. Davis and that the Nebraska Juvenile Court misplaced her child. (Filing No. 1.)

The court informed Plaintiff that she could not represent her son as a non-attorney pro se litigant. (Filing No. 7.) However, the court liberally construed Plaintiff's Motion and allegations to assert her own legal rights. (*Id*.) The court also gave Plaintiff the opportunity to obtain counsel. (*Id*.) In doing so, the court warned Plaintiff that if counsel did not appear by July 19, 2013, the court would dismiss Demetrius Rucker as a plaintiff and this matter would proceed on her claims only.

(*Id*. at CM/ECF p. 2.) Counsel did not appear. (*See* Docket Sheet.) Accordingly, Demetrius Rucker is dismissed from this matter and the court will conduct an initial review of Plaintiff's claims only.

## II. SUMMARY OF COMPLAINT

Condensed, summarized, and liberally construed, Plaintiff alleges that her social security disability survivors benefits were improperly withheld and given to Tina C. Davis. (Filing No. 1.) She also alleges that the Nebraska Juvenile Court misplaced her child. (*Id*. at CM/ECF pp. 1-5.) Plaintiff has attached numerous state court documents to support her Complaint. (*Id*. at CM/ECF pp. 6-55.) Within these documents is a District Court of Douglas County, Nebraska, order that changed the payee of child support specified "in a decree entered on August 8, 1996," from Dawn N. Rucker to Tina C. Davis. (*Id*. at CM/ECF p. 43.) Plaintiff also attached a Separate Juvenile Court for Douglas County, Nebraska, order that placed Demetrius Rucker in the custody of the Nebraska Department of Health and Human Services. (*Id*. at CM/ECF p. 38.) Plaintiff asks the court to allow her son to live with her and to correct Judge Wadie Thomas's errors and crimes. (*Id*. at CM/ECF pp. 2-3.) Liberally construed, Judge Wadie Thomas is the Douglas County Juvenile Court Judge presiding over Plaintiff's child custody matters. (*Id*. at CM/ECF pp. 39, 47.)

## III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

2

dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### IV.  DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment. The Fourteenth Amendment protects a parent's liberty interest in the "care, custody, and management of their children." *Manzano v. S.D. Dep't of Soc. Servs.*, 60 F.3d 505, 509-10 (8th Cir. 1995). However, to promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over these matters when state court proceedings have already commenced. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

Plaintiff's Complaint clearly indicates that she is involved in state court proceedings regarding the care, custody and management of her son. (Filing No. 1 at CM/ECF pp. 1-55.) Plaintiff has not alleged, nor demonstrated, that these proceedings do not provide her with the opportunity to raise her Fourteenth

3

Amendment claims.[1] Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

    2.    All pending motions are denied.

    3.    A separate judgment will be entered in accordance with this Memorandum and Order.

    DATED this 27th day of August, 2013.

                            BY THE COURT:

                            s/ Joseph F. Bataillon
                            United States District Judge

---

[1] To the extent that Plaintiff asks this court to review and reverse a state court order, this Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.